UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY BOUDREAUX AND** | * | **CIVIL ACTION NO.: 2:22-cv-03243** |
| **TISH BOUDREAUX** | * | |
| Plaintiffs | * | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **ALLIED TRUST INSURANCE** | * | **JANIS VAN MEERVELD** |
| Defendant | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT of**
**MOTION TO CONFIRM APPRAISAL AWARD**

**NOW INTO COURT**, through undersigned counsel, come Petitioners, **RODNEY BOUDREAUX AND TISH BOUDREAUX**, who respectfully submit this Memorandum in Support of Motion to Confirm Appraisal Award against Defendant, **ALLIED TRUST INSURANCE COMPANY**, ("**ALLIED**"). Plaintiffs are entitled to the appraisal award of $747, 282.79 as the amount of the loss.

**INTRODUCTION**

In the wake of the devastation caused by Hurricane Ida, Plaintiffs have and continue to endure the egregious tactics being put forth by Allied. Allied has "strung out" two Louisiana residents because Allied does not like the results it received by the actions they have employed. First, Allied refused to pay Plaintiffs' Unconditional Tender Demand by its invocation of an appraisal clause. Additionally, Allied attempted to refuse to accept the umpire selected by the appointed appraisers by means of filing an exparte motion with this Court. Finally, Allied has refused to pay the umpire award from the jointly-consented umpire.

**CHRONOLOGICAL FACTUAL BACKGROUND**

1. **December 11, 2021** - Plaintiffs transmitted a Hurricane IDA Unconditional Tender Demand to Allied for the amount of $351,770.02 for coverages A&B. - Exhibit 1.

2. **January 7, 2022** - Allied transmitted a letter to Plaintiffs invoking the appraisal process - Exhibit 2.

3. **January 7, 2022** - Plaintiffs appointed Irwin & Associates, LLC as their appraiser.

4. **August 2, 2022** - Plaintiffs filed the lawsuit against Allied in the 29th Judicial District for the Parish of St. Charles.

5. **September 13, 2022** - Allied filed a Notice of Removal into this Court.

1

6. **October 7, 2022** - Allied attempted to file a Exparte/Consent Motion to Appoint an Umpire

7. **October 22, 2022** - Jeffrey Jennings was invoked as the umpire by both parties' appraisers.

8. **November 15, 2022** - Unbeknownst to Plaintiffs' counsel at the time of the umpire selection by the two appointed appraisers, Plaintiffs filed a No Opposition Motion to Allied's Motion to Appoint an Umpire.

9. **November 17, 2022** - Allied's appraiser, Mark Harter informed Irwin & Associates, LLC that he was directed by Allied not to select any appraiser on Irwin & Associates, LLC's list and to wait for Court Appointment.

10. **January 6, 2023** - Plaintiffs counsel informed Allied's legal representative that prior to the Motion to Appoint an Umpire, the appointed appraisers had agreed to an umpire, Jeffrey Jennings.

11. **January 11, 2023** - The legal representatives for both parties submitted a Joint Motion to Appoint Jeffrey Jennings as umpire.

12. **March 8, 2023** - Umpire Jeffrey Jennings awarded $747,282.79(RCV) / $724,319.24 (ACV) - Exhibit 3.

13. **April 6, 2023** - Attorneys for Allied informed Plaintiffs their client's refusal to pay the appraisal award - Exhibit 4.

## LAW AND ANALYSIS

The purpose of the appraisal procedure is to obviate the need for the factfinder in a court proceeding to determine the value of the property in question. *St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co,* 681 F Supp. 2d 746, 751 (E.D. La. 2010). Unlike the Court or a jury, the appraisers are simply familiar with the intricacies of the award and the facts underlying it. *Id.* Appraisal awards are presumed correct, and a court should not disrupt an appraisal award simply because reasonable minds could differ as to the amount awarded or the methods employed. *Id*. "Every reasonable intendment and presumption is in favor of an award of appraisers selected to determine the value of the property lost." *Id. quoting In re Waters*, 93 F.2d 196, 200 (5th Cir. 1937).

Here, both parties agreed to the umpire, Jeffrey Jennings, to perform his assessment of the loss and to render an award. Allied's appraiser, Mark Harter, submitted a valuation of $380,

2

591.61 (Coverages A&B), which was higher than the original estimate submitted by Plaintiffs in their unconditional tender demand. Plaintiffs' appraiser, Irwin & Associates, LLC, submitted a valuation of $812, 364.35 (Coverages A&B). After his review of the property, Mr. Jennings awarded $747, 282.79 to Plaintiffs. Twenty-nine days after the award was rendered, Allied transmitted a refusal letter. Seemingly, Allied's letter just disagrees with the values of the loss determined by the umpire. It should be noted that Allied does not provide any factual basis that the umpire's honesty or integrity were suspect. In absence of the foregoing, the award should be confirmed by this Court.

In this matter it is abundantly clear that Allied has and will continue to not pay their insured's for the amount of the loss to their subject property. Plaintiffs' respectful requests this Court to Confirm the Umpire's Award and to award Plaintiffs' attorneys fees and costs.

**Respectfully submitted,**

**/s/ John Love Norris, IV**
_____

**BRIAN KING, La.** Bar #24817
**JASON GILES**, **La**. Bar #29211
**JOHN LOVE NORRIS, IV**, **La**. Bar # 35269
The King Firm, LLC
2912 Canal Street
New Orleans, LA  70119
Telephone:     (504) 909-5464
Fax:               (800) 901-6470
Email:            jnorris@kinginjuryfirm.com

3