

Attorneys:
Brian King
Jason Giles
Anthony J. Milazzo, III
Justin A. Reese
Michael Simonson
John Love Norris, IV

Phone: 504-909-5464
Fax: 800-901-6470

Writer's email:
jnorris@kinginjuryfirm.com

December 11, 2021

**VIA EMAIL**
alliedtrust@allcatclaims.com
Allied Trust Insurance Company

         RE:       Client: Tish Boudreaux
                        Policy No.: 730924
                        Claim No.: 21111989
                        Location: 102 LAC Cypriere Dr., Luling, LA 70070

### <u>Hurricane IDA Unconditional Tender Demand</u>

To Whom It May Concern:

      My law firm, The King Firm, has the privilege of representing Tish Boudreaux in connection with her insurance claims for losses and damages caused by Hurricane Ida. As you are well aware, Allied Trust Insurance Company issued an insurance policy to Mrs. Boudreaux, bearing Policy No. 730924, with an effective date of January 31 2021, through January 31, 2022, (hereinafter referred to as the "Policy"). The Policy provides insurance coverage to Mrs. Boudreaux for, *inter alia*, 102 LAC Cypriere Dr., Luling, LA 70070 ("insured property").

      This demand requests the unconditional tender of monies owed, pursuant to the Policy, for damages sustained to the insured property, as a result of Hurricane Ida. As this is a demand for an unconditional tender, this correspondence should in no way be construed as a full and final demand for settlement of the entirety of Mrs. Boudreauxs' losses. Rather, this demand is for what we consider the undisputed damages and/or losses to the instant property based on our current investigation and expert's assessment. We specifically reserve our right to amend and/or supplement our demand as new information becomes available and our investigation continues.



## BACKGROUND

Hurricanes and similar tropical events are nothing new to Southeast Louisiana. Nonetheless, the power and intensity that Ida struck Louisiana is historically rivalled by only Hurricane Katrina. Ida's maximum sustained winds were recorded at speeds of 150 mph and the devastation left behind is catastrophic. Estimates predict over 60 billion dollars in insured damages were caused by Hurricane Ida. The winds from this hurricane ravaged the area, plunging millions of residents of Louisiana into darkness by destroying the power infrastructures to the region. Hurricane Ida killed 115 people, cut off power for weeks to electricity customers, and many more lost access to clean water.

As previously mentioned, Mrs. Boudreaux's insured property sustained heavy damage due to Hurricane Ida. Enclosed herewith, please find our current damage estimate for the insured property. Additionally, we will supplement this demand with a detailed list of contents lost or damaged in the storm.

## CONTRACT INTERPRETATION UNDER APPLICABLE LAW

In the event that there is any ambiguity as to the meaning of any provision within the Policy, the Louisiana law clearly resolves such issues in favor of the insured finding coverage. Louisiana Civil Code Art. 2056. The Courts have held that the intent is to effect coverage, not deny it. *Yount v. Maisano*, 627 So.2d 148 (La. 1993).

In the appropriate case, the insurer who breaches its duties can be liable for the breach of contract as well as damages, including bad faith damages and attorney's fees. *Sher v. Lafayette Ins. Co.*, 988 So.2d 186 (La. 2008); *Wegener v. Lafayette Ins. Co.*, 60 So.3d 1220 (La. 2011).

## UNFAIR CLAIMS ADJUSTMENT PRACTICES

Louisiana insurance law specifically enumerates situations wherein the insurer's claim adjustment practices are deemed "bad faith". La.R.S.. §22:1893 and 1973, provides as follows:



§1973. Good faith duty; claims settlement practices; cause of action; penalties

A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the



claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.

§1892. Payment and adjustment of claims, policies other than life and health and accident; personal vehicle damage claims; extension of time to respond to claims during emergency or disaster; penalties; arson-related claims suspension

A.(1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any



party in interest. The insurer shall notify the
insurance producer of record of all such payments
for property damage claims made in accordance with
this Paragraph.

(2) All insurers issuing any type of contract, other
than those specified in R.S. 22:1811, R.S. 22:1821,
and Chapter 10 of Title 23 of the Louisiana Revised
Statutes of 1950, shall pay the amount of any third
party property damage claim and of any reasonable
medical expenses claim due any bona fide third
party claimant within thirty days after written
agreement of settlement of the claim from any third
party claimant.

(3) Except in the case of catastrophic loss, the
insurer shall initiate loss adjustment of a property
damage claim and of a claim for reasonable medical
expenses within fourteen days after notification of
loss by the claimant. In the case of catastrophic loss,
the insurer shall initiate loss adjustment of a property
damage claim within thirty days after notification of
loss by the claimant except that the commissioner
may promulgate a rule for extending the time period
for initiating a loss adjustment for damages arising
from a presidentially declared emergency or disaster
or a gubernatorially declared emergency or disaster
up to an additional thirty days. Thereafter, only one
additional extension of the period of time for
initiating a loss adjustment may be allowed and must
be approved by the Senate Committee on Insurance
and the House Committee on Insurance, voting
separately. Failure to comply with the provisions of



this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1973.

**(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.**

B.(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

2912 Canal Street
New Orleans, Louisiana 70119



...

C.(1) All claims brought by insureds, workers' compensation claimants, or third parties against an insurer shall be paid by check or draft of the insurer or, if offered by the insurer and the claimant requests, electronic transfer of funds to the order of the claimant to whom payment of the claim is due pursuant to the policy provisions, or his attorney, or upon direction of the claimant to one specified; however, the check or draft shall be made jointly to the claimant and the employer when the employer has advanced the claims payment to the claimant. The check or draft shall be paid jointly until the amount of the advanced claims payment has been recovered by the employer.

(2) No insurer shall intentionally or unreasonably delay, for more than three calendar days, exclusive of Saturdays, Sundays, and legal holidays, after presentation for collection, the processing of any properly executed and endorsed check or draft issued in settlement of an insurance claim.

(3) Any insurer violating this Subsection shall pay the insured or claimant a penalty of two hundred dollars or fifteen percent of the face amount of the check or draft, whichever is greater.

...

### <u>BAD FAITH ("DOLO") – ATTORNEY'S FEES AND INDEMNIFICATION</u>

As you are no doubt aware, under Louisiana law and as enumerated above, you are required to evaluate the loss and make



reasonable and undisputed payments within the statutory delays outlined above. FAilure to do so triggers the following penalties:

1) 50% of the amount due to the insured, and
2) Reasonable attorneys fees and costs, which in this case is 25% of the entire amount claims, plus costs incurred in pursuing the claims.

On or about September 1, 2021, Mrs. Boudreaux reported damage to her home. After a cursory examination of the home, an insufficient and woefully inadequate report was issued. Following the underreported damage estimate, a tender was made in the amount of $159,913.79. To date, this is the only tender that has been made to a property that is considered a total loss.

This tender was insufficient as Allied Trust did not fully adjust and pay for all of the damage to the property. Allied Trust has not given an adequate excuse for why it did not pay the full amount owed. As such, Allied Trusts' actions and/or inactions for Mrs. Boudreauxs' claims were and continue to be in bad faith.

## <u>CONCLUSION</u>

Based on the foregoing, we hereby make the following demand for the unconditional tender of monies for damages and/or losses to the insured property as

| | | | | | |
|---|---|---|---|---:|---:|---:|
| **Non-O&P Items Subtotal** | | | | 329.56 | 26.36 | 303.20 |
| **O&P Items Subtotal** | | | | 285,550.92 | 5,384.74 | 280,166.18 |
| **Material Sales Tax** | | | | 7,218.92 | 511.34 | 6,707.58 |
| Coverage: Dwelling | @ | 91.06% = | | 6,573.74 | | |
| Coverage: Other Structures | @ | 8.94% = | | 645.18 | | |
| **Storage Tax** | | | | 102.40 | | 102.40 |
| Coverage: Dwelling | @ | 100.00% = | | 102.40 | | |
| **Overhead** | | | | 29,284.11 | | 29,284.11 |
| Coverage: Dwelling | @ | 96.16% = | | 28,158.88 | | |
| Coverage: Other Structures | @ | 3.84% = | | 1,125.23 | | |
| **Profit** | | | | 29,284.11 | | 29,284.11 |
| Coverage: Dwelling | @ | 96.16% = | | 28,158.88 | | |
| Coverage: Other Structures | @ | 3.84% = | | 1,125.23 | | |
| **Total** | | | | 351,770.02 | 5,922.44 | 345,847.58 |

This is a demand for an unconditional tender. As such, this correspondence should in no way be construed as a full and final demand



for settlement.  The amounts demanded above are for what we can prove is the undisputed damages incurred based on our current investigation and expert's assessment.  We specifically reserve our right to amend and/or supplement our demand as new information becomes available and our investigation continues.  We demand that the amounts requested herein be tendered within **seven (7) days** from the date of this correspondence.  In the event you fail to tender the amounts requested herein, we will be forced to pursue the requisite legal remedies, including, but not limited to, penalties and attorney's fees.

      With best regards, I remain

                      Sincerely,

                      *John Love Norris, IV*
                      John Love Norris, IV