

Nathan Ryne Hand
Admitted in Louisiana and Mississippi
Ryne@MonsonFirm.com

Please Respond to Louisiana Office

April 6, 2023
*__Via E-Mail Only__*

John Love Norris
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119

Re:    *Rodney Boudreaux and Tish Boudreaux v. Allied Trust Insurance Company*
Case No.: 2:22-cv-03243
**Our File: 0475-0350**

Dear John:

I represent Allied Trust Insurance Company ("Allied Trust") in this matter.  Previously, the parties agreed to participate in the appraisal process, which is provided for in the subject policy, as follows:

### F.  Appraisal

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit his differences to the umpire. Any outcome of the appraisal will not be binding on either party.

Each party will:
1. Pay its own appraiser; and
2.  Bear the other expenses of the appraisal and umpire equally.

HO3 SP LA 19.09 (Page 7 of 14)[1].

---

[1] See also Allied Trust's Twelfth Affirmative Defense asserted in it Answer [ECF doc. 5, p. 10].

**Florida Office**
2840 N. University Drive
Coral Springs, FL 33065
P: 754-229-3487

**Texas Office**
900 Rockmead Dr., Ste. 141
Kingwood, TX 77339
P: 281-612-1920  F: 281-612-1971

**Louisiana Office**
5 Sanctuary Boulevard, Ste. 101
Mandeville, LA 70471
P: 985-778-0678  F: 985-778-0682

**Mississippi Office**
300 Davis Avenue, Ste. 100F
Pass Christian, MS 39571
P: 228-285-1527

**www.MonsonFirm.com    855-2-MONSON**

*April 6, 2023*
*Page 2*

Pursuant to this provision, Allied designated Mark Harter as its appraiser and the Plaintiffs designated Luke Irwin. Ultimately, Jeffrey Jennings was appointed as umpire. Jennings thereafter entered an award totaling $747,282.79 (RCV)/$724,319.24 (ACV), which can only be described as questionable. For instance, it exceeds the Plaintiffs' pre-appraisal estimate by more than $375,000 and, in fact, more than doubles it. Other specific discrepancies include, without limitation:

- The portion of the appraisal award for the Plaintiffs' roof totaled $47,859.90, which exceeded the Hudco Roofing & Exteriors invoice for roof repair and tarping totaling $42,699.35.
- Mr. Irwin's award lists outdoor cameras and sums for replacing them, although Allied has not been presented with any proof these cameras existed prior to Hurricane Ida.
- The appraisal award includes sums for the replacement of a purportedly damaged 50-gallon hot water heater in the Plaintiffs' attic, but also references an invoice from Distefano Plumbing, although the invoice has never been provided to Allied nor a diagnostic report regarding causation.
- The appraisal award includes sums for "Audio Sturges"/replacement of speakers, although Allied has not been presented with any proof this audio equipment existed prior to Hurricane Ida.
- The appraisal award provides for $4,212.78 to detach and reset the master bathroom toilet, which is exorbitant under the circumstances.
- The appraisal award provides for $7,227.00 to replace certain areas of the Plaintiffs' fence, despite the fact the Breaux's invoice for the same is $3,613.50, as the Plaintiffs split the cost of repairing the fence with their neighbors. Furthermore, the appraisal award adds an additional $1,445.40 to the cost of repairing the fence which the contractor who actually did it did not charge.
- The appraisal award for Coverages A and B exceeds the Plaintiffs' pre-appraisal estimate by approximately $166,400.00.
- The appraisal award for contents/personal property (Coverage C) exceeds Mr. Irwin's estimate of those damages by $59,984.60.
- The appraisal award includes the payment of multiple invoices from Haven Custom Furnishings and American Factory Direct totaling $57,153.61 which were not included in the position papers of either of the parties' appraisers (nor were these invoices provided to Allied prior to the entry of the appraisal award).
- The appraisal award includes $64,705.00 for the rental of two luxury apartments in downtown New Orleans, although Allied has never been provided with any proof the Plaintiffs actually paid any rent pursuant to the respective leases.
- The appraisal award includes $21,600.00 for the payment of two premium parking spots in downtown New Orleans, although Allied has never been provided with any documentation, receipts, invoices, proof of payment, etc., regarding this line item.

*April 6, 2023*
*Page 3*

This appraisal award clearly exceeds the scope of the dispute the parties were confronted with at the time they agreed to enter the appraisal process and essentially calls for a total rebuild of the residence, something the Plaintiffs have never once demanded prior to the award. The appraisal award also calls for the payment of many expensive items Allied has never received any proof whatsoever for. The fact the appraisal award (as well as Mr. Irwin's estimate) exceeded the Plaintiffs' pre-appraisal position alone calls its validity into question, especially considering the degree to which it exceeded the Plaintiffs' pre-appraisal estimate. Mr. Irwin and Mr. Jennings have clearly interjected their integrity into this matter. Accordingly, Allied will not be paying the appraisal award as, not only is it clearly excessive, egregious, and not based in fact in light of the parties' pre-appraisal valuations of their positions, it is also non-binding pursuant to the explicit language of the policy referenced above.

Furthermore, please produce the following:

1. Your clients' contract or any agreement with Luke Irwin regarding his retention/designation in this case;
2. Any correspondence between Luke Irwin and the Plaintiffs and/or your firm regarding this case;
3. Any document provided to Luke Irwin by the Plaintiffs and/or your firm regarding this case;
4. Any document provided to your firm and/or the Plaintiffs by Luke Irwin;
5. Any document generated by Mr. Irwin regarding this case, including, without limitation, any estimates submitted to the umpire;
6. Luke Irwin's entire file for this appraisal; and
7. Any correspondence between your clients and/or your firm and the umpire, Jeffrey Jennings, or any correspondence between Luke Irwin and Jeffrey Jennings which you possess.

These documents are discoverable and not privileged.

Please note this letter should not be construed as a waiver of any of Allied's rights provided by the subject policy or applicable law.

I look forward to hearing from you soon regarding this request. Please do not hesitate to contact me should you have any questions.

Sincerely,

Nathan Ryne Hand

NRH/rdp