UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RODNEY BOUDREAUX AND TISH BOUDREAUX, | * * | CIVIL ACTION NO. 2:22-cv-03243 |
| Plaintiffs | * * | JUDGE MILAZZO |
| VERSUS | * * | MAGISTRATE VAN MEERVELD |
| ALLIED TRUST INSURANCE COMPANY Defendant | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT ALLIED TRUST INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CONFIRM APPRAISAL AWARD**

NOW INTO COURT, through undersigned counsel, comes the Defendant, Allied Trust Insurance Company ("Allied"), who hereby files this its Response in Opposition to Plaintiffs' Motion to Confirm Appraisal Award [20, 21], and would show the following unto this Court, to-wit:

**I.  Factual Background**

This case arises out of the Plaintiffs' claim with Allied, their insurer, following Hurricane Ida, which made landfall in Southeast Louisiana on August 29, 2021. [1 – 2]. Following Hurricane Ida, Plaintiffs made a claim with Allied for purported damage to their residence. Allied thereafter investigated and made payment on the claim on October 18, 2021, in the amount of $158,913.79 (net claim for Coverages A and B). Exhibit A. On December 11, 2021, Plaintiffs provided to Allied an estimate prepared by ATA Loss Consultants which totaled $351,770.02. [20 – 4]. Presented with this dispute, Allied invoked the appraisal provision of the subject policy on January 7, 2022, which is as follows:

> **F.  Appraisal**
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or

1

> we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit his differences to the umpire. Any outcome of the appraisal will not be binding on either party.
>
> Each party will:
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

Exhibit B. [See also Allied's Twelfth Affirmative Defense asserted in its answer, ECF 5, p. 10]. [20 – 5].

In this same correspondence, Allied named Mark Harter as its appraiser. [20 – 5]. Plaintiffs then named Luke Irwin as their appraiser. [20 – 3, p. 2]. Eventually, Jeffrey Jennings was appointed as umpire. [19]. On March 8, 2023, Jeffrey Jennings entered his umpire award totaling $747,282.79 (RCV)/$724,319.24 (ACV). [20 – 6]. This award essentially calls for a complete reconstruction of the Plaintiffs' residence and exceeds the Plaintiffs' pre-appraisal estimate by $395,512.77, which it more than doubles. [20 – 4, 20 – 6].

Accordingly, Allied sent correspondence to Plaintiffs' counsel on April 6, 2023, rejecting the appraisal award for a number of reasons. [20 – 7]. Not only is the award not binding pursuant to explicit policy language, it clearly exceeded the scope of the parties' dispute prior to entering into the appraisal process. [20 – 7]. There were also several instances where the award called for payment of certain items for which Allied had received no proof of loss, which Allied requested the Plaintiffs provide. [20- 7]. Thereafter, Plaintiffs filed this motion requesting the Court "confirm" the award. [20, 21].

II.     Law and Argument

    A.     The Appraisal Award is Not Binding

Pursuant to the explicit language of the policy, the appraisal award is not binding on the parties:

> **F. Appraisal**
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit his differences to the umpire. **Any outcome of the appraisal will not be binding on either party.**
>
> Each party will:
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

Exhibits B, E. [See also Allied's Twelfth Affirmative Defense asserted in its answer, ECF 5, p. 10]. [20 – 5]. (emphasis added).

This exact dispute was before this Court in *Lighthouse Ranch for Boys, Inc. v. Safepoint Insurance Company*, civil action no. 22-1988. Exhibit C. In that case, Safepoint filed a motion to confirm the appraisal award, just as the Plaintiffs here. Exhibit C, p. 6 – 10. Lighthouse Ranch opposed the motion on the grounds Safepoint's policy explicitly stated any outcome of appraisal would not be binding on the parties, just as Allied does in this case. Exhibit C, p. 6 – 10. Ultimately, Judge Africk denied Safepoint's motion to confirm, unequivocally ruling:

> "Neither party identifies, and this Court has not located, any case in which a court confirmed an appraisal award when the operative appraisal provision explicitly stated the appraisal outcome would not be binding. Safepoint insists that the Court should enforce the appraisal award, but a determination that the appraisal award is binding as to the amount of contractual loss would be in direct contravention of the insurance policy, which is the law between the contracting parties."

Exhibit C, p. 7 (citing *Spann v. So. Fidelity Ins. Co.,* No. 13-6134, 2014 WL 4445327, at *2 (E.D. La. Sept. 9, 2014) (Africk, J.).

Judge Africk also ruled "principles of Louisiana contract interpretation weigh against Safepoint's argument," as "[u]nder Louisiana law, contracts should be interpreted to give effect to each provision and specific provisions control over general." Exhibit C, p. 8 (citing *Entergy Gulf States La., LLC v. La. Generating, LLC*, No. 14-385, 2021 WL 711470, at *2 (M.D. La. Feb. 23, 2021) (internal quotations omitted). Furthermore, Louisiana law requires courts to "strictly construe the appraisal provision." Exhibit C, p. 8 (citing *Spann, supra*). In other words, the law between the parties – the subject policy – dictates the appraisal award is not binding, and any ruling to the contrary would be in "direct contravention" of not only the law between the parties, but "principles" of Louisiana law as well. Exhibit C, p. 7 – 8.

The dispute in this case also recently came before this Court again in *Sean O'Connor, et al. v. Allied Trust Insurance Company*, civil action no. 23-218. Exhibit D. In that case, Judge Africk ruled the defendant Allied's appraisal provision – which is identical to the provision at issue in this case – was "explicitly non-binding" and plaintiffs' motion to confirm the appraisal award "must be denied." Exhibit D, p. 2. Judge Africk also ruled the plaintiffs in *O'Connor* "simply ignore the non-binding language in the insurance contract," something the Plaintiffs do in their motion to confirm. Exhibit D, p. 2. [20, 21]. Therefore, the Plaintiffs' Motion to Confirm Appraisal Award must be denied as a matter of law.

B.      **Whether the Appraisal Award is Correct is Irrelevant**

Plaintiffs do not cite, nor can they cite to, any case where a Court upheld an appraisal award despite the policy stating awards pursuant to the provision are non-binding. Rather than address contrary caselaw directly on point (see above), Plaintiffs attempt to create a red herring to have

this Court determine whether the award is "correct." [20 – 3, p. 2]. As the award is non-binding, whether it is correct is irrelevant, as it does not apply to the parties anyways. What is clearly at issue is whether the parties are bound by the award and whether Allied is required to pay it. In other words, this Court can dispose of this matter based on the explicit non-binding nature of the award rather than address its purported accuracy, which is what Judge Africk did when he denied the motion to confirm the appraisal award in *O'Connor*, stating "[t]he Court reaches this conclusion solely based on the non-binding nature of the appraisal provision and therefore expresses no opinion on the parties' disagreement as to the facts surrounding this dispute, including disputes as to the accuracy of the appraisal award." Exhibit D, p. 2.

In furthering the red herring, Plaintiffs quote *In re Waters*, 93 F.2d 196 (5th Cir. 1937), in their Motion and state "[e]very reasonable intendment and presumption is in favor of an award of appraisers selected to determine the value of the property lost." [20 – 3, p. 2]. It is clear Plaintiffs found a favorable quote from *Waters* but did not analyze the case, which is a 1937 case where Alabama substantive law is applied. *Waters* simply has no bearing whatsoever on this case and the relief requested by the Plaintiffs. Setting this aside, there is also no information in *Waters* regarding whether the appraisal award in that case was explicitly binding or non-binding, unlike this matter.

    **C.**    **The Appraisal Award Itself Calls into Question the Integrity and Honesty of the Appraiser and Umpire**

Plaintiffs claim Allied "does not provide any factual basis that the umpire's honesty or integrity were suspect." [20 – 3, p. 3]. Plaintiffs ignore the fact this case is subject to the case management order for Hurricane Ida claims, which prohibits discovery without prior court approval. Plaintiffs also ignore the fact Allied's letter stated the award's validity is called into question for numerous reasons. [20 - 7]. Allied has simply not had the opportunity to investigate the appraisal award and how it came to be issued. Allied cannot be penalized for declining to make

5

assertions regarding Mr. Jennings's honesty or integrity, or that of Mr. Irwin, before having the opportunity to investigate this matter.

Furthermore, in its letter to the Plaintiffs rejecting the appraisal award, Allied presented a litany of items in the appraisal award which were either not based in fact or for which it had no proof. [20 – 7]. In fact, Allied points out eleven specific discrepancies which it called into question, including (1) the award for roof tarping and replacement exceeding the amount actually billed for the same, (2) the lack of proof of any outdoor cameras prior to Hurricane Ida, (3) the lack of proof of any outdoor audio equipment prior to Hurricane Ida, (4) an exorbitant charge of $4,212.78 to detach and reset a toilet, (5) the award for fence replacement exceeding the amount actually billed for the same and ignoring the fact *the Plaintiffs split the cost of these repairs with their neighbors*, (5) the award for damages under Coverage C exceeds even the Plaintiffs' appraiser's estimate of those damages by $59,984.60 (with no explanation for this significant escalation), (6) payment of $57,153.61 for furnishings which were not included in the estimates/submissions of any appraiser, etc. [20 – 7]. (Emphasis added).

Finally, the sheer degree to which the appraisal award exceeded the Plaintiffs' pre-appraisal estimate, and thus the scope of the parties' dispute, calls its validity into question. Again, the appraisal award more than doubles the Plaintiffs' pre-appraisal estimate, which it exceeds by approximately $395,000. [20 – 4, 20 – 6]. Clearly, this raises suspicion.

    **D.**    **Allied's Appraisal Invocation Letter**

To the extent Plaintiffs claim Allied's appraisal invocation letter, which did not cite the correct and binding policy language, controls the dispute in this case, this is incorrect. [20 – 5]. This letter does not supersede the actual policy between the parties, which clearly states any appraisal outcome is not binding on the parties. Exhibit E, page 8.

6

WHEREFORE, PREMISES CONSIDERED, the Defendant, Allied, respectfully requests this Court deny the Plaintiffs' Motion to Confirm Appraisal Award for the reasons set forth above, and grant Allied any additional relief to which it is entitled in the premises.

    Respectfully submitted:

    */s/ Nathan Ryne Hand*
    **MATTHEW D. MONSON (25186)**
    **RACHEL L. FLARITY (33131)**
    **JOHN D. MINEO, IV (36587)**
    **NATHAN RYNE HAND (38011)**
    **THE MONSON LAW FIRM, LLC**
    5 Sanctuary Boulevard, Suite 101
    Mandeville, Louisiana 70471
    Telephone:   (985) 778-0678
    Facsimile:   (985) 778-0682
    *Email:  ryne@MonsonFirm.com*
    ***Counsel for Defendant,***
    ***Allied Trust Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 24th day of April, 2023.

    */s/ Nathan Ryne Hand*