# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN O'CONNOR, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-218** |
| **ALLIED TRUST INSURANCE COMPANY** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] to confirm appraisal award filed by plaintiffs Sean O'Connor and Allyson O'Connor (collectively, "plaintiffs"). Defendant Allied Trust Insurance Company ("Allied") opposes[2] the motion. For the reasons below, the Court denies the motion.

### I. FACTUAL BACKGROUND

This is an insurance dispute. Plaintiffs allege that their property, which was insured by Allied, sustained damage during Hurricane Ida in August 2021.[3] Plaintiffs allege that Allied has underpaid their claim, thereby breaching the insurance contract and its duty of good faith and fair dealing.[4]

The insurance contract contains an appraisal provision, which provides:

> **F. Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 15.
[3] R. Doc. No. 1.
[4] *Id.* at 8–9.

premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

Each party will:
    1. Pay its own appraiser; and
    2. Bear the other expenses of the appraisal and umpire equally.[5]

Allied invoked this provision and initiated the appraisal process after it had issued several payments after multiple inspections.[6] Plaintiffs' chosen appraiser and the neutral umpire signed an appraisal award for a total of $1,285,948.42.[7] Allied tendered additional payments after the appraisal award, but refused to pay the full amount reflected in that award.[8] Plaintiffs now seek an order from this court confirming the appraisal award as the amount of contractual damages in this matter.

## II.    LAW & ANALYSIS

"'Appraisal clauses . . . are enforceable under Louisiana law,' and are interpreted according to normal Louisiana principles of contract interpretation." *Spann v So. Fidelity Ins. Co.*, No. 13-6134, 2014 WL 4443527, at *2 (E.D. La. Sept. 9, 2014) (Africk, J.) (quoting *St. Charles Par. Hosp. Serv. Dist. No. 1 v. U. Fire & Cas. Co.*, 681 F.Supp.2d 748, 753 (E.D. La. 2010) (Vance, J.)). "'Appraisal provisions in insurance contracts are strictly construed'" and, generally speaking, "'[a]n appraisal

---

[5] R. Doc. No. 15-1, at 34.
[6] The parties document the timing of various inspections and payments in detail; however, the Court does not discuss these facts and any related disputes as they are not relevant to the Court's resolution of the instant motion.
[7] *Id.* ¶ 27.
[8] *Id.* ¶ 30.

2

award issued under an insurance policy is binding only if the appraisers have performed the duties required of them by the policy, which is the law between the contracting parties.'" *Id.* (quoting *St. Charles Par. Hosp.*, 681 F. Supp. at 754) (further citations and quotations omitted).

In the instant motion, plaintiffs argue that the appraisal award should be confirmed and that "the amount of damages should be set as the determination of [p]laintiffs' appraiser and the neutral umpire."[9] Allied counters that the motion should be denied because the insurance policy states that any appraisal award will not bind the parties.[10]

This Court recently denied a motion to confirm an appraisal award made pursuant to a contract that contained a nearly identical appraisal provision. In that case, the Court held that when an insurance contract specifically states that an appraisal award is non-binding, any such award does not set the contractual amount of loss, and a motion to confirm the appraisal award should be denied. *Lighthouse Ranch for Boys, Inc. v. Safepoint Insurance Co.*, No. 22-1988, 2023 WL 2540295, at *4 (E.D. La. Mar. 16, 2023) (Africk, J.).

In reaching this conclusion, the Court cited cases from the Western District of Louisiana that "held that an appraisal provision like that at issue here, which explicitly states that an appraisal award is non-binding, does not set the contractual amount of loss and cannot be confirmed[.]" *Id.* at *3 (citing *Myers v. Allied Trust Ins.*

---

[9] R. Doc. No. 9-1, at 1.
[10] R. Doc. No. 15, at 5.

3

*Co.*, 21-2734, 2022 WL 2162588, at *2 (W.D. La. June 15, 2022) and *LeBlanc v. Allied Trust Ins. Co.*, 21-1928, 2022 WL 4597863, at *3 (W.D. La. Sept. 29, 2022)).

In the same case, the Court also rejected the argument that the statutory standard fire policy,[11] which by law is attached to all Louisiana insurance policies that insure against fire, provided a basis to confirm the appraisal award. The Court noted that "the above-cited cases that declined to confirm non-binding appraisal awards also rejected the standard fire policy argument, determining 'that fire policies and homeowner's policies are two separate and distinct types of insurance.'" *Id.* (quoting *Myers*, 2022 WL 2162588, at *1) (further citations omitted). The Court further reasoned that "the extent to which the standard fire policy applies to and alters the homeowner's policy is unclear" because "both the Fifth Circuit and other district courts have acknowledged that there is uncertainty on whether statutory provisions related to fire insurance policies are applicable to homeowners' insurance policies." *Id.* (quotations and citations omitted). Finally, the Court determined that "principles of Louisiana contract interpretation" counseled against confirming an explicitly non-binding appraisal, as Louisiana law provides that "specific provisions control over general" and that appraisal provisions must be strictly construed. *Id.* at *4 (quotations and citations omitted).

In the instant matter, plaintiffs simply ignore the non-binding language in the insurance contract. In their reply memorandum, they point out that Louisiana

---

[11] The standard fire policy provides, in relevant part, that an appraisal award "shall determine the amount of actual cash value and loss." La. Stat. Ann. § 22:1311(F)(2).

4

Revised Statute § 22:1892(G) "now requires appraisal provisions to contain" language providing that "a written agreement signed by the umpire and either party's appraiser shall set the amount of loss."[12] La. Rev. Stat. § 22:1892(G). However, as the Court pointed out in *Lighthouse Ranch*, this provision was made effective "[o]n or after January 1, 2022." *See* La. Rev. Stat. § 22:1982(G) (2021). The insurance policy here was effective beginning June 24, 2020,[13] and the disputed damage allegedly occurred in August of 2021. The referenced portion of § 1982 therefore was not in effect at any relevant time.

Because the appraisal provision in the insurance contract is explicitly non-binding, the Court concludes that plaintiffs' motion must be denied. The Court reaches this conclusion solely based on the non-binding nature of the appraisal provision and therefore expresses no opinion on the parties' disagreement as to facts surrounding this dispute, including disputes as to the accuracy of the appraisal award.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiffs' motion to confirm the appraisal award is **DENIED**.

---

[12] R. Doc. No. 29, at 3.
[13] R. Doc. No. 15-1, at 8.

New Orleans, Louisiana, April 20, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

6