UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY BOUDREAUX ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-3243** |
| **ALLIED TRUST INSURANCE CO.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs Rodney and Tish Boudreaux's Motion to Confirm Appraisal Award (Doc. 20). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This matter arises out of an insurance dispute between Rodney and Tish Boudreaux and their homeowner's insurer, Defendant Allied Trust Insurance Co. ("Allied"), following damage to their home caused by Hurricane Ida on August 29, 2021. Following Hurricane Ida, Plaintiffs made a claim with Allied for purported damage to their residence. Allied thereafter investigated and made a payment on the claim on October 18, 2021, in the amount of $158,913.79. On December 11, 2021, Plaintiffs provided Allied with an estimate prepared by ATA Loss Consultants that totaled $351,770.02. Presented with this dispute, Allied invoked the appraisal provision of the insurance policy covering the Boudreaux's home ("the Policy").

The appraisal provision of the Policy states that if the parties fail to agree on the amount of loss, either party may demand an appraisal of the loss.

1

In this event, each party has 20 days to choose an impartial appraiser. If the appraisers agree they will submit a written report of agreement and the amount agreed upon will be the amount of loss. If they do not agree, they will submit differences to the umpire. The appraisal provision specifically states that "[any] outcome of the appraisal will not be binding on either party."[1]

Plaintiffs named Luke Irwin as their appraiser, Allied named Mark Harter as its appraiser. Jeffrey Jennings was eventually appointed as umpire. On March 8, 2023, Mr. Jennings entered his umpire award totaling $747, 282.79. Allied sent correspondence to Plaintiff's counsel on April 6, 2023, rejecting the appraisal award and claiming that the award was not binding pursuant to the Policy, that it exceeded the scope of the parties' dispute prior to the appraisal, and that there were several instances where the award called for payment of certain items for which Allied had received no proof of loss. Now before the Court is Plaintiffs' motion requesting that the Court confirm the appraisal award totaling $747,282.79 entered by the umpire, Mr. Jennings, as the amount of loss on their property. Defendant opposes.

## LAWS AND ANALYSIS

Plaintiffs ask this Court to confirm the appraisal award as the amount of loss to their property. Plaintiffs argue that appraisal awards are presumed correct and that the presumption should be in favor of an award determined by the selected appraisers. They also note that Allied does not provide any facts suggesting that the umpire's honesty or integrity are suspect.

In response, Allied argues that the appraisal award is not binding on the parties, pursuant to the explicit language of the policy, which states: "Any

---

[1] Doc. 21-5.

outcome of the appraisal will not be binding on either party."[2] Therefore, Allied opposes confirmation of the appraisal award.

Appraisal clauses are enforceable and are interpreted according to normal principles of contract interpretation under Louisiana law.[3] Appraisal provisions are strictly construed in insurance contracts.[4] The Policy at issue here expressly states that the outcome of the appraisal is not binding. "Neither party identifies, and this Court has not located, any case in which a court confirmed an appraisal award when the operative appraisal provision explicitly stated that the appraisal outcome would not be binding."[5]

In *Lighthouse Ranch for Boys, Inc. v. Safepoint Insurance Co.*, the court considered a similar situation.[6] There, the insurer, like the Plaintiffs in this case, argued that the burden was on the plaintiff to show that the appraisal amount should not be confirmed by showing that the appraiser's honesty or integrity was suspect.[7] The court pointed out that the cases applying that standard did so "in the context of contractual provisions that indicate that the appraisal award is meant to set the amount of contractual loss."[8] There, as here, the policy expressly stated that "any outcome of the appraisal will not be binding on either party."[9] The court therefore denied the insurer's motion to confirm, stating that a "determination that the appraisal award is binding as

---

[2] *Id.*
[3] Spann v. So. Fidelity Ins. Co., No. 13-6134, 2014 WL 4443527, at *2 (E.D. La. Sept. 9, 2014).
[4] *Id.*
[5] Lighthouse Ranch for Boys, Inc. v. SafePoint Ins. Co., No. CV 22-1988, 2023 WL 2540295, at *3 (E.D. La. Mar. 16, 2023).
[6] *Id.* at *1.
[7] *Id.* at *3.
[8] *Id.* (and cases cited therein).
[9] *Id.* at *2; Doc. 21-5.

to the amount of contractual loss would be in direct contravention of the insurance policy, which is the law between the contracting parties."[10]

This Court agrees that the appraisal provision at issue here is explicitly non-binding and should be strictly construed. To confirm the appraiser amount would violate both the law between the parties and Louisiana contract interpretation laws.

## CONCLUSION

For the foregoing reasons, the Motion to Confirm Appraisal Amount is **DENIED**.

New Orleans, Louisiana this 20th day of July, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.* at *3–4; *see also* Wallace Myers v. Allied Tr. Ins. Co., No. 2:21-CV-02734, 2022 WL 2162588, at *2 (W.D. La. June 15, 2022) ("The appraisal process language of the policy clearly states that the appraisal is not binding. As such, the Court finds that because the appraisal is not binding, thus the appraisal award cannot be confirmed.").