UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RODNEY BOUDREAUX AND | * | CIVIL ACTION NO. 2:22-cv-03243 |
| TISH BOUDREAUX | * | |
| Plaintiffs | * | |
| | * | |
| VERSUS | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| ALLIED TRUST INSURANCE | * | MAGISTRATE JUDGE |
| COMPANY | * | JANIS VAN MEERVELD |
| Defendant | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF DEFENDANT ALLIED TRUST INSURANCE COMPANY'S MOTION FOR CONTINUANCE AND/OR ENTRY OF AMENDED SCHEDULING ORDER**

Defendant Allied Trust Insurance Company ("Defendant" or "Allied Trust") respectfully submits this Motion for Continuance and/or Entry of Amended Scheduling Order (the "Motion"), and would show the Court as follows:

**I.     FACTUAL BACKGROUND**

This action, which arises out of Plaintiff's insurance claim for property damage resulting from Hurricane Ida, is currently set for trial on April 27, 2026. This loss has been inspected and appraisal completed. However, issues of contractual and extra-contractual damages remain. As set forth below, Allied Trust and its counsel believe granting such relief as requested herein will allow the Parties to complete the necessary discovery regarding their respective claims and defenses, as well as engage in motion practice (as appropriate) to narrow the issues in dispute. Such extension will maximize the possibility that this matter is resolved in an orderly and cost-effective manner, potentially avoiding the unnecessary use of this Court's resources to conduct a trial on the merits.

### a. Remaining depositions and discovery

As noted above, the trial of this matter is presently set for April 27, 2026. To date, the Parties have worked cooperatively to exchange discovery and are working to narrow and resolve their dispute by efficient and cost-effective means. With regard to the remaining discovery, the Parties are still working to complete depositions of fact and expert witnesses. Specifically, Defendant has requested a minimum of twelve (12) depositions, and plaintiff has yet to determine how many they would like to complete. To date, these depositions have not taken place, with the depositions needing to be scheduled for the month of January. Defendant is unable to properly set these depositions until it has received all outstanding written discovery, which is still owed from plaintiff and multiple third-party vendors. It is likely that judicial intervention will be required in order to receive same. Despite the Parties' reasonable efforts, the Parties are still working to confirm dates for many of these depositions. Defendant believes that these depositions are necessary and will narrow the issues to be presented before the Court at trial. Due to the number of depositions needed to be completed, and the Defendant's ongoing attempts to obtain all requested discovery, Defendant believes that the Parties need additional time to prepare and present the witnesses for their depositions, as well as complete both discovery and a settlement conference. Furthermore, a parallel case involving plaintiff's appraiser is currently before this Court, and Defendant has obtained new evidence related to the credibility of Plaintiff's claims. Defendant must be afforded the opportunity to evaluate and investigate same.

In addition to the pending depositions to be scheduled, motions are forthcoming that will potentially limit the scope of this litigation and significantly narrow the issues to be determined at trial. Allied Trust believes that once the Court has ruled on the dispositive motions, the parties will have a clear direction regarding the issues to be tried. Thus, rather than conducting expensive and time-consuming discovery related to issues that may be resolved by the Court's rulings on the

issue-dispositive motions, Allied Trust believes that a continuance is in the best interests of all involved.

## II.     LAW AND ARGUMENT

### a. Good Cause Exists Due to Discovery Constraints

Federal Rule of Civil Procedure Rule 6(b)(1) states that the Court may extend the time for filing motion papers for good cause.[1] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[2] Good cause exists for granting the continuance and entry of an amended scheduling order as requested herein, since the relief requested will ensure a fair trial.

On June 13, 2025, the Court entered a scheduling order.[3] Therein, the Court established the following deadlines:

| | |
|---|---|
| Plaintiff's Expert Designations Deadline | December 10, 2025 |
| Defendant's Expert Designations Deadline | January 9, 2026 |
| Witness/Exhibit List Deadline | January 9, 2026 |
| Discovery Deadline | February 9, 2026 |
| Expert Motions in Limine Deadline | February 10, 2026 |
| Motions in Limine | April 2, 2026 |
| Pretrial Conference | April 9, 2026 |
| Trial Date | April 27, 2026 |

---

[1] *Marathon Fin. Ins. Inc., RRG* v. *Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, L.L.C.* v. *SouthTrust Bank of Alabama,* NA, 315 F.3d 533, 535 (5th Cir. 2003).
[2] *Id.*
[3] Rec. Doc. 42.

On December 10, 2025, Plaintiff provided its expert designations to Allied Trust. Plaintiff's intent to obtain the type of expert was previously unknown to Defendant, as discovery regarding same remains outstanding. As such, the time and ability of Defendant to obtain experts who can then prepare corresponding opinions is significantly limited. Based on this new information, Allied Trust requires additional time to obtain appropriate experts, and make same available for depositions and the trial depositions of this matter. As such, good cause exists for the continuance and related extension(s) of time requested herein.

### b. New Documents Evidence Discrepancies

Additionally, good cause exists due to the failure to receive discovery responses. Defendant has sent out Interrogatories and Request for Production of Documents which remain unresponded to following a Rule 37 conference. Additionally, Defendant sent out forty subpoenas, which are in the various stages and processes of being completed. Based on the information received, it is Allied Trust's position that many of the responses have information which is critical to the disposition of this case. Notably, these subpoenas establish the actual cost of repairs. The subpoena to subcontractors Mattix Cabinet Works, AMA Entertainment Co., ATA Loss Consulting, Bill Tanner, Hali Pipkins, Tommy Tompkins, Breaux's Construction regarding this is still pending, and follow up correspondence (multiple) sent.[4] Furthermore, the public adjuster and appraiser utilized by plaintiff in parallel cases are facing issues related to the integrity of their work product and business practices. While Defendant does not want to reveal its theory of the case, issues such as this may exist in aspects of this matter and Defendant is entitled to the research and evaluation of information related to this case but that is not provided by Plaintiff. Notably, it is Defendant's position that the information contained in pending matters regarding Luke Irwin,

---

[4] *See* Notice of Records Deposition and follow up letters to Mattix Cabinet Works, AMA Entertainment Co., ATA Loss Consulting, Bill Tanner, Hali Pipkins, Tommy Tompkins, Breaux's Construction, attached hereto as Exhibit A.

and possibly others, is critical to the issues in this case and Defendant's defenses. Without this information, Defendant is not adequately able to prepare for trial. Furthermore, Defendant has the right to engage in discovery regarding these discrepancies which cannot be accommodated under the current scheduling order.

  **c.  An Extension Is Necessary for Judicial Economy**

Despite their reasonable efforts, Defendant believes that the Parties are unable to complete all discovery, including the extensive depositions outlined above, before the January 9, 2026 Expert Deadline, and February 9, 2026 discovery deadline. It is likely that additional depositions may be necessary once Allied Trust receives the information from plaintiff's discovery responses. Allied Trust believes that this discovery is necessary for trial. Following the exchange of expert reports, and completion of discovery, the Parties will also require additional time to engage in significant motion practice, which will likely streamline the discovery of relevant information and, potentially, trial on this matter. Defendant believes that the Parties should complete this discovery and accompanying motion practice, and give the Court an opportunity to rule on said motions in advance of trial, thereby increasing the chances of an amicable resolution.

**III.  RELIEF SOUGHT**

Allied Trust respectfully requests a brief, 90-day continuance of the trial setting and all related pre-trial deadlines. The pre-trial deadlines include the deadline to complete discovery, as well as the deadlines to serve and/or file: dispositive motions, motions to compel, motions for protective order, motions in limine and responses, as well as deadlines for expert designations and reports. This will allow the reasonable time necessary for the parties to conduct essential depositions and complete discovery, engage in necessary motion practice, and attempt settlement, thereby potentially limiting the issues to prepare for and be presented at trial.

Should the Court disagree with the time parameters noted above, then, Defendant alternatively requests the Court issue an amended Scheduling Order. Specifically, Defendant requests a two-week extension of time to produce expert reports, and a corresponding two-week extension of time to file Motions in Limine. As part of same, Defendant would also request that the discovery deadline be extended by 30 days from the current deadline.

Defendant's request for a continuance of the trial and/or pre-trial deadlines is not made for the purpose of delay, but so that justice may be done. Allied Trust believes that proceeding in the manner requested herein will assist in the orderly, just, and efficient resolution of this dispute. For these reasons, and the additional reasons discussed above, Allied Trust has shown good cause for the requested continuance.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Allied Trust Insurance Company requests that the Court grant the requested continuance and extend the trial setting by 90 days or an extension with the Court's discretion, and that a new scheduling order be issued with revised pre-trial deadlines as requested herein and/or deemed appropriate by the Court.

Respectfully Submitted:

*/s/ Rachel L. Flarity*
**MATTHEW D. MONSON (25186)**
**JOHN C. HENRY (18948)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**KYLE C. MATTHIAS (38338)**
**THE MONSON LAW FIRM, LLC**
5 Sanctuary Blvd., Ste. 101
Mandeville, Louisiana 70471
Telephone:   (985) 778-0678
Facsimile:   (985) 778-0682
*Email: Rachel@MonsonFirm.com*
**Counsel for Defendant, Allied Trust Insurance Company**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, by the United States District Court for the Eastern District of Louisiana, which will send a notice of electronic filing to all counsel of record, this 30th day of December, 2025.

*/s/ Rachel L. Flarity*

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.9, undersigned counsel certifies that she has attempted to confer with counsel for Plaintiff, John Norris, IV, regarding the foregoing Motion, but no response (opposition or agreement) was received.

*/s/ Rachel L. Flarity*